588

**NOREEN et al. v. SPARKS et al.**

Civ. A. No. 2687–50.

United States District Court
District of Columbia.

April 2, 1952.

Motion for Reconsideration Denied
May 14, 1952.

See 104 F.Supp. 675.

Catherine McCloskey, Olive B. Lacy, Washington, D. C., for plaintiffs.

Frank L. Peckham, Washington, D. C., for defendants.

John E. Larson (of McKenney, Flannery & Craighill), Washington D. C., for intervening defendant.

MORRIS, District Judge.

Plaintiffs, asserting they are the children of Cornelia Ross Potts, deceased, seek a determination that they are the lawful beneficiaries under the will of Elizabeth Ann Hooper, deceased, of one-half of the property comprising a trust, one-half of

the proceeds of which was devised to the said Cornelia Ross Potts for life; they ask for a disclosure of the assets of said one-half of said estate, and for an accounting. Defendant Walter M. Sparks is the surviving substituted trustee under the will in question, and defendants Marie Louise Ellen Hadel Sparks and Elizabeth C. McClurkin are great, great nieces of the testatrix. The case is before the Court on motions by all parties for summary judgment.

Elizabeth Ann Hooper, resident of the State of Maryland and owner of real property in the District of Columbia, made her will on July 30, 1879, and died on March 26, 1880. On each of those dates she had two sisters, Cornelia Rebecca Potts and Amelia Hadel. Cornelia Rebecca Potts had one child, Cornelia Ross Potts, then 10 or 12 years of age. Amelia Hadel had two sons, Albert K. Hadel, then childless, and Charles A. Hadel, then the father of four children, Clara Elizabeth (later Constantine), Ada Amelia, William K., and Charles E. (who died during his minority, without any child). The will establishes a trust, and provides in part: "First, one-half of said net income the said trustee shall during the lifetime of my sister, Cornelia Rebecca Potts, pay over to my said sister for the support and maintenance of herself, and the support, maintenance and education of Cornelia Ross Potts, daughter of said Cornelia Rebecca Potts; and from and after the death of said Cornelia Rebecca, the said trustee shall pay over said one-half of said net income to said Cornelia Ross Potts, during her lifetime, as her sole and separate estate, free from all interference and control of any husband said Cornelia Ross may have, and free from any liability for the debts, contracts, or obligations of any such husband. Should the said Cornelia Rebecca die and should the said Cornelia Ross also die, she the said Cornelia Ross leaving any child or children or the descendant of any deceased child or children surviving her, then the trust created shall be continued, and the said one-half of the net income of my estate shall be applied by such trustee to the maintenance, education, and support of such child or children and the descendants of such, until such time as the young-

est surviving child of said Cornelia Ross shall attain the age of twenty-one years, or until the death of all the children of said Cornelia Ross, whichever shall first happen; and upon the youngest surviving child of said Cornelia Ross attaining the age of twenty-one years, or upon the death of all her children, whichever shall first happen, then the trust hereby created shall as to said one-half of my estate cease and determine, and the said one-half of my estate (both the legal and equitable interests therein) shall vest in and the same is hereby devised to such child and children of said Cornelia Ross as said Cornelia Ross may leave surviving her, and the descendants of any deceased child or children, such descendants of any deceased child or children to take the parent's share or part. But should the said Cornelia Rebecca die, and should said Cornelia Ross also die, she the said Cornelia Ross not leaving any child or descendant surviving her, or should said Cornelia Rebecca and said Cornelia Ross die, and should all the children and descendants of said Cornelia Ross die before the youngest surviving child of said Cornelia Ross shall attain the age of twenty-one years, then the said one-half of my estate shall go to, and it is hereby given and devised to such person or persons as may then be entitled to, and subject to such uses and trusts as may then affect the other half of my estate."

A similar devise was made to the sister of the testatrix, Amelia Hadel, and her two sons, with cross-remainders of the one-fourth interest to each of the nephews, and a cross-remainder of the one-half interest to the devisees of the above devise, hereinafter called the "Potts half." The half of the trust devised to Amelia Hadel has been fulfilled. Charles A. Hadel died April 23, 1880, and his three surviving children, Clara Elizabeth Constantine, Ada Amelia Hadel and William K. Hadel became the owners outright of one-fourth interest upon William K. Hadel's attaining his majority on September 5, 1898. Albert K. Hadel died, without issue, on April 4, 1905, and on this date the other one-fourth interest went to the above three outright, with a one-third interest of the half to each.

590

Clara Elizabeth Constantine died intestate on November 11, 1920, and the defendant Elizabeth C. McClurkin, as sole heir, inherited her interest. Ada Amelia Hadel died November 16, 1943, and William K. Hadel died June 24, 1946, each leaving wills devising their estates to the Mercantile Trust Company of Baltimore, Maryland, the intervening defendant in this proceeding, in trust, "including my interest or share in the estate of Elizabeth A. Hooper, deceased."

The pleadings and depositions filed in the case reveal that Cornelia Ross Potts, who died January 21, 1950, without any natural children, adopted plaintiff Noreen on September 30, 1932, when he was 20 years of age, with his mother's consent, and that she adopted plaintiff Russell on September 27, 1944, when he was 26 years of age, without his mother's knowledge, which was gained only after the institution of this action. Mrs. Potts had previously provided for the education of both, and they had occupied rooms in her Washington apartment.

██ The plaintiffs insist that they are "children of said Cornelia Ross," which the said Cornelia Ross Potts left surviving her within the meaning of the will of Elizabeth Ann Hooper. They rely upon the language of the Act of August 25, 1937, Section 16–205, D.C.Code (1940)[1], which establishes the relationship between an adopting parent and an adopted child. The reasoning is that the testatrix, realizing the life estate of Cornelia Ross Potts would in all probability not terminate until many years after the death of the testatrix, intended that the law then in effect should determine what person or persons fall within the class of child or children surviving the said Cornelia Ross Potts, and that the statute referred to gives to plaintiffs the same status as natural children. It must be borne in mind, however, that it is the will that is here being construed, and

not the statute; but, even if this were not so, the statute very clearly provides that adopted children, although having the status of natural children with respect to the adopting parent, do not have that relationship to the parents or collateral relatives of the adopting parent. The statute would not preclude adopted children from taking property devised to them by the will of a collateral relative of their adopting mother, if it clearly appeared that such was the intent of the testatrix, but affords no basis for the conclusion that such was the intent. The contrary is too well settled to now be disregarded. Judge Bailey of this Court so decided in Shoemaker v. Newman, affirmed by our Court of Appeals, 62 U.S.App.D.C. 120, 65 F.2d 208, 89 A.L.R. 1034. "It is almost universally agreed that where a provision is made in a will for children of some person other than the testator, an adopted child is presumed not to be included unless there is language in the will, or there are circumstances surrounding the testator at the time he made the will, which make it clear that the adopted child was intended to be included." Annotation, 70 A.L.R. 621, and numerous cases cited. See also Annotation, 144 A.L.R. 670. It is obvious from the will of the testatrix that she definitely had in mind the descent of her property through blood relatives to persons of her own blood. The cross-remainders emphasize this and abundantly reject any inference that any share of her property should be diverted to those not of her blood. The relief sought by the plaintiffs cannot be granted.

Defendants Marie Louise Ellen Hadel Sparks and Elizabeth C. McClurkin claim the Potts half of the estate outright. The intervening defendant contends that they cannot qualify as devisees under the will of the testatrix. It is its contention that, when Clara Elizabeth Constantine, Ada Amelia Hadel and William K. Hadel, on April 4, 1905, became the outright owners of the other half of the estate, the Potts

1. Sec. 16–205. "Entry of a final decree of adoption shall establish the relation of natural parent and natural child between adoptor and adoptee for all purposes including mutual rights of inheritance and succession the same as if adoptee was born of adoptor, except that adoptee shall not inherit from collateral relatives of or the parents of adoptor although such collateral relatives and parents of adoptor shall have the right of inheritance from adoptee. * * *"

half vested in them, subject to be divested in favor of any children Cornelia Ross Potts might bear, as they formed the class of persons entitled under the will to the other half, and that their successors in interests are the persons who fit the description in the devise of "such person or persons as may then be entitled to" the other half. Reliance is had upon the principle of law as stated in 3 Page on Wills, Section 1258, page 284: "If the owner of a future interest, which could descend or pass by succession, dies before his interest could take effect in possession, his interest passes to his heirs, devisees, next of kin, or legatees, if it is vested, unless it is subject to an express condition subsequent, the happening of which has defeated the future interest."

The cases of Pyne v. Pyne, 81 U.S.App. D.C. 11, 154 F.2d 297, and Scott v. Powell, 86 U.S.App.D.C. 277, 182 F.2d 75, are cited in brief as supporting this principle in the District of Columbia, as indeed they do.

■ All of the bequests dealing with this trust, both as to the half interests and the quarter interests, employ language similar to that dealing with the Potts half, as follows: "Should the said Cornelia Rebecca die and should said Cornelia Ross also die, she the said Cornelia Ross leaving any child or children or the descendant of any deceased child or children surviving her, * * * then the trust hereby created shall as to said one-half of my estate cease and determine, and the said one half of my estate * * * shall vest in and the same is hereby devised to *such child and children of said Cornelia Ross as the said Cornelia Ross may leave surviving her, and the descendants of any child or children, such descendants of any deceased child or children to take the parent's share or part.*" (Emphasis supplied.)

From this it is evident that the testatrix intended to create two stocks, commencing with her two sisters, the descendants of each to take per stirpes, with no power of appointment of any interest. With this intention of the testatrix in mind, the above principle of law and the cases cited, relied upon by the intervening defendant, are very

helpful. While the surviving children of Charles A. Hadel took a vested remainder interest in the Potts half of the estate, such interest was subject to divestment, not only upon the death of Cornelia Ross Potts leaving children surviving her, but also upon their own death during the life of the life tenant, Cornelia Ross Potts. So, as in the Pyne case, supra, the interests of these persons were defeasible, and the bequests of two of them, Ada Amelia Hadel and William K. Hadel, were subject to the same defeasance. And, as they predeceased the life tenant, no interest in the Potts half of the estate passed by their wills; nor did defendant Elizabeth C. McClurkin inherit from her mother, Clara Elizabeth Constantine, any interest in the Potts half. My conclusion, therefore, is that the defendants Marie Louise Ellen Hadel Sparks and Elizabeth C. McClurkin are the "persons as may then be entitled to * * * the other half of my estate," and the Potts half of the estate vested in them outright upon the death of Cornelia Ross Potts with no child or children surviving her, and they are entitled to the relief sought in these proceedings.

■ Upon the asking of the intervening defendant, and consent of the other parties, Cristodulo Constantine, surviving husband of Clara Elizabeth Constantine, was added as party defendant in this cause for a determination of whether he is entitled to an estate by curtesy in one-third of the Potts half of the estate. As has already been pointed out, Clara Elizabeth Constantine during her lifetime had no possession, or right of possession, to the property in which Cornelia Ross Potts had a life interest, and whatever interest she did have in such property was divested upon her death during the lifetime of the said Cornelia Ross Potts. "It is well settled that at common law the husband can be tenant by the curtesy only of lands of which his wife was seized. So, unless otherwise provided by statute, no right of curtesy exists where the wife during coverture did not have seizin either in fact or in law, or, in other words, did not have either possession or the immediate right of possession." 25 C.J.S., Curtesy, § 5, page 45. The statute

applicable in the District of Columbia is Section 18–215, D.C.Code (1940) [2]. Clearly the wife of Cristodulo Constantine was not seized in deed or in law of the property here involved, and, therefore, he has no estate of curtesy therein.

Summary judgment is, therefore, granted in favor of the defendants Marie Louise Ellen Hadel Sparks and Elizabeth C. McClurkin against the plaintiffs, the intervening defendant and the added defendant Cristodulo Constantine. An appropriate order will be drafted by counsel to carry this into effect.

2. Sec. 18–215. "On the death of any married woman owning real estate in fee simple and intestate thereof, if there has been a child born of the marriage capable of inheriting said property, the husband surviving her shall be entitled to an estate by the curtesy therein, whether the wife's estate be legal or equitable and whether the wife's seizin be in deed or in law only."