NOREEN et al. v. SPARKS et al.

MERCANTILE TRUST CO. OF BALTIMORE v. SPARKS et al.

Nos. 11472, 11473.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 13, 1953.

Decided March 26, 1953.

Miss Catherine McCloskey, Washington, D. C.; for appellants in No. 11472.

Mr. Llewellyn C. Thomas, Washington, D. C., with whom Messrs. John E. Larson and Richard H. Mayfield, Washington, D. C., were on the brief, for appellant in No. 11473.

Mr. Frank L. Peckham, Washington, D. C., for appellees.

Before EDGERTON, BAZELON, and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

This is a suit to construe the will of Elizabeth Ann Hooper, probated in 1880, which devised her residuary estate in trust for the benefit of her two sisters, Cornelia Rebecca Potts and Amelia Hadel, and their children after them, in equal shares. The Potts share is in dispute.

Paragraph "First" of the will made Cornelia Rebecca Potts and her daughter Cornelia Ross Potts successive life beneficiaries of half the trust. It provided further that "should the said Cornelia Rebecca die, and should said Cornelia Ross also die, she the said Cornelia Ross not leaving any child or descendant surviving her, * * * then the said one half of my estate shall go to, and it is hereby *given and devised to such person or persons as may then be entitled to,* and subject to such uses and trusts as may then affect *the other half of my estate."* (Emphasis supplied.) Cornelia Rebecca died in 1912 without issue other than Cornelia Ross, who died without issue in 1950.

The Hooper will made Amelia Hadel life beneficiary of the other half and made her two sons, Charles and Albert, successor life beneficiaries, each son as to one-fourth of the entire trust. Paragraph "Fourthly" of the will provided that "upon the youngest surviving child of said Charles attaining the age of twenty one years, or upon the death of all the children of said Charles whichever shall first occur, then the trust hereby created shall cease as to one fourth part of my estate, and the said one fourth part of

my estate (both the legal and equitable interests therein) is hereby given and devised to such child and children of said Charles A. Hadel as said Charles may leave surviving him and the descendants of any deceased child or children, the descendants of any such deceased child or children to take the parent's share or part." [1]  Charles Hadel died soon after the testatrix Hooper, in 1880, leaving three children, Clara Elizabeth, Ada Amelia, and William. The youngest, William, reached 21 in 1898. By the quoted terms of "Fourthly", therefore, the trust in Charles's fourth of the estate then ceased and the devise of his fourth to his children then became absolute.

Charles's brother Albert died without issue in 1905. By the terms of the Hooper will the trust in his fourth then ceased and this part of the Hooper estate joined the fourth that had been Charles's. Accordingly, as the District Court recognized, by 1905 the whole Hadel trust had ceased and the whole Hadel half of the estate had become the absolute property of the three surviving children of Charles.

As the District Court said [103 F.Supp. 590]: "Clara Elizabeth [Hadel] Constantine died intestate on November 11, 1920, and [her daughter] the defendant Elizabeth C. McClurkin, as sole heir, inherited her interest. Ada Amelia Hadel died November 16, 1943, and William K. Hadel died June 24, 1946, each leaving wills devising their estates to the Mercantile Trust Company of Baltimore, Maryland, the intervening defendant in this proceeding, in trust, 'including my interest or share in the estate of Elizabeth A. Hooper, deceased.'"

Accordingly Elizabeth C. McClurkin owned one-third and the Trust Company two-thirds of the Hadel half of the Hooper estate in 1950, when Cornelia Ross Potts died. In other words they were the "persons * * * then * * * entitled to" one-third and two-thirds, respectively, of the Hadel half. They were therefore, in

---

1. The reference to "the descendants of any deceased child or children" deals only with the possible death of children of Charles, leaving issue, during the continuance of this part of the trust. Since the only child of Charles who died before the termination of this part of the trust left no issue, this provision had no effect; the share which that child would have taken if he had survived Charles went to the children who did survive.

those proportions, the persons designated by paragraph "First" of the Hooper will to take the Potts half of the Hooper estate on the death of Cornelia Ross Potts. No rule of law prevents this intention of the testatrix from being carried out.[2] In our opinion the District Court erred in reaching a different result.

Cornelia Ross Potts adopted Albert T. Noreen, Jr. in 1942 when he was 20 years old, and Robert T. Russell in 1944 when he was 26. Each claims to be a "child or descendant" of Cornelia Ross Potts within the meaning of the will her aunt made in 1880. We agree with the District Court that the will implies no such intent. As the District Court said, "it is the will that is here being construed, and not the statute". D.C.Code 1951 § 16–205. Cf. Shoemaker v. Newman, 62 App.D.C. 120, 126, 65 F.2d 208, 214, 89 A.L.R. 1034; annotation, 144 A.L.R. 670.

The case is remanded for further proceedings in accordance with this opinion.

Remanded.

2. Pyne v. Pyne, 81 U.S.App.D.C. 11, 154 F.2d 297, is not to the contrary.